## J. L. (TOOTS) ARMSTRONG v. STATE.

No. A-6224.   Opinion Filed March 24, 1928.
(265 Pac. 663.)

Bland & Davis and C. F. Gowdy, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   The information in this case charged

that in Nowata county, on or about the 19th day of April, 1925, J. L. (Toots) Armstrong, Alf Allen, J. A. Allen, and Clarence Allen did commit the crime of stealing chickens as defined in Penal Code 2119, C. S. 1921, in that they did feloniously in the nighttime take, steal, and carry away 36 chickens from the messuage and premises upon which the dwelling house of Samuel T. Michener was situated; said chickens being the personal property of said Michener, and of the value of $31.

Appellant, Armstrong, asked and was granted a severance and upon his separate trial the jury returned a verdict finding him guilty as charged, but failed to agree upon the punishment.

Motion for new trial was duly filed and overruled and by the judgment of the court appellant, Armstrong, was sentenced to imprisonment in the state penitentiary for a term of 18 months. From the judgment he appeals.

It is contended in this court that the verdict is not sustained by sufficient evidence, and that it is contrary to law, because there was no evidence tending to corroborate the accomplice testimony given by two of the defendants as witnesses for the state.

The undisputed facts as shown by the state's testimony, which was all the testimony offered in the case, are about as follows:

That on the night of the day alleged, 36 Rhode Island red chickens, the property of Sam Michener, were stolen from the chicken house on his place, about a half mile east of the city of Nowata. The chicken house was locked, but the staples holding the padlock were drawn by the thieves. The next morning the stolen chickens were sold by two of the defendants to a poultry house in Vinita.

The defendant Clarence Allen testified that his home was 9 miles east of Nowata; that on Sunday afternoon

he was at Toots Armstrong's place; that Alf Allen and Ike Allen were there and just after dark they all left in a Ford car to go to Nowata; that about a half mile east of Nowata and about 300 yards from the Michener place, Armstrong left the car; that they went on into town and had lunch at the Busy Bee Cafe; that witness bought some chili to take to Armstrong, and they returned to where they left Armstrong, and he gave him the chili; that after eating the chili, Alf Allen, Armstrong, and witness took some sacks out of the car, and, leaving Ike Allen in the car, they went to the chicken house in Mr. Michener's yard and got about 30 chickens; that, returning to the car with the chickens, they drove to Armstrong's home and after waiting there about an hour all four started to Vinita in the Ford car with the chickens; that just before they got to Vinita, Ike Allen and Toots Armstrong got out of the car, and, with Alf Allen, he drove into Vinita and sold the chickens to a poultry house and received a check for $32.50, payable to F. H. Taylor; then witness drove to a filling station and had oil and gasoline put in the car and there cashed the check.

The testimony of the defendant J. A. (Isaac) Allen was substantially the same as that given by Clarence Allen.

J. A. Thomas testified that he lives west of Vinita 3½ miles; that he was driving a horse and buggy, going west, when a Ford roadster passed him, loaded with chickens on each side; that a few days before some men in a car killed a turkey of his, and put it in their car, and, as it seemed to be the same car, he followed. At Big Cabin Creek bridge two of the men got out; one had a gunny sack, and went over the fence into the brush; he went on to Vinita and found where the chickens were sold and where they cashed the check, then notified the sheriff, and stayed there until the sheriff went and brought one of the men back; that the defendant on trial, Armstrong, was the man that got out of the car with the gunny sack.

Harry Campbell, sheriff of Craig county, testified that on the 19th day of April he went out on Elm creek as directed by the witness Thomas and found the defendant Alf Allen in the brush near the road and nearby was a Ford roadster; that about a quarter of a mile east he picked up the defendant Toots Armstrong, and with him Isaac Allen and took them to Vinita.

The appellant did not testify.

It is true the law forbids the conviction of one accused of crime upon the uncorroborated evidence of an accomplice and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. Section 2701, C. O. S. 1921. Here, however, the evidence shows that these defendants were together in a car, carrying the stolen chickens. The undisputed circumstances and facts in evidence tend strongly to connect appellant with the commission of the offense.

The law prescribes no standard for the strength of the corroborating evidence and the weight of such corroborating evidence is a matter for the jury.

After consideration of the evidence in this case, we are clearly of the opinion that the same is legally sufficient to support the verdict.

It is also insisted that the court erred in refusing certain instructions and in giving certain instructions.

After an examination of the instructions given by the court and those refused, we are convinced that the objections argued in the brief are without merit. The instructions given fully and fairly covered the law of the case and it is the settled rule in this jurisdiction that it is sufficient if the instructions taken as a whole substantially presented the law of the case.

Upon a consideration of the whole case, no reversible

error is found, and the judgment of the court below is affirmed.

EDWARDS and DAVENPORT, JJ., concur.