# MIKE RISENHOOVER v. STATE.

No. A-8016.  Opinion Filed Aug. 8, 1931.
(2 Pac. [2d] 98.)

C. C. Williams, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed. Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was jointly charged with Bill Baum and Everett Wimberly with the robbery of the Buschow Lumber Company, at Stapp, Okla.   Upon severance, Bill Baum was first tried and found guilty.   Thereafter the defendant was placed upon trial and found guilty, and his punishment fixed by the jury at imprisonment in the state penitentiary for 20 years.

The evidence of the state was that the defendant, Bill Baum, and Everett Wimberly had been at the home of Coe Thompson, some distance from the town of Stapp, off and on during the week prior to the robbery; that Thompson had a large amount of dynamite at his place; that defendant had blown up a tree with some of the dynamite; that defendant got some kindling and went up to a spring, where there was a wash and cook camp, built a fire, and worked around that; that he borrowed a half-pint bottle

from Mrs. Thompson; that the defendant, Baum, and Wimberly left the Thompson home about 2:30 or 3 o'clock on Saturday afternoon before the robbery at about 2 o'clock on Sunday morning, going towards the place of the robbery; that a Ford roadster was seen several miles from the home of Coe Thompson, in which the defendant and two other men were riding; that at about 2 o'clock on Sunday morning three men captured the night watchman of the lumber company; that Bill Baum beat him up and forced him to remain with a young man who appeared on the scene and was captured while the other two went to blow up the safe; that during the robbery, as fast as any one appeared on the scene, he was captured and turned over to be guarded; that the safe was blown open with nitroglycerine and from $625 to $675 taken, but none of the witnesses were able to identify any of the parties except Baum; that on Monday morning the officers went out to the Coe Thompson place and found a number of wrappers taken from dynamite sticks, found a pot and the sediment of dynamite where the nitroglycerine had been boiled out, and found the cloth through which the dynamite had been strained; that Thompson and his wife were arrested and warrants issued for the defendant, Baum, and Wimberly; that defendant had disappeared from his usual haunts and the officers were unable to find him; that the next morning after the robbery Bill Baum came back to the Thompson home at about daylight, but the defendant and Wimberly did not come back there; that about six weeks after the robbery defendant was apprehended, hiding in a barn near Mena, Ark., with two other men; that, when the officers went into the barn, defendant was in the loft and covered them with his gun; that they forced him to throw his gun down and arrested him, and on searching his person they found a dirk knife in a scabbard and a

pistol holster empty; that in defendant's shirt pocket they found a half-pint bottle which defendant claimed contained cough medicine; that the officers gave it back to him and later went back and found the bottle in the barn; that they found a little satchel which defendant said was his; that in the satchel was a man's union suit, a lady's silk hose, and silk underwear, a pair of rubber gloves, dynamite caps and fuse, and a few cartridges.

Defendant did not take the witness stand. His defense was an alibi. On cross-examination these alibi witnesses were discredited by their own admissions, and at least one of them by a previous conviction for a felony; Wimberly, one of those charged jointly with defendant, by admissions and by the fact that he had been previously convicted of a felony.

Defendant contends that the evidence is insufficient to support the verdict of the jury.

The statement of the state's evidence does not include all of the details. The trial court gave the usual instruction on circumstantial evidence, and the jury were properly advised by the court.

In Armstrong v. State, 39 Okla. Cr. 364, 265 Pac. 663, this court said:

"Where there is competent corroborating evidence tending to connect the accused with the commission of the crime charged, the weight of such evidence is a matter for the jury."

Defendant next contends that the court erred in admitting in evidence the articles found on defendant's person and in his possession at the time of his arrest.

In Yeager v. State, 43 Okla. Cr. 318, 278 Pac. 665, 666, this court said:

"Where a person is legally arrested for an offense, whatever is found upon his person or in his control, which may be used to prove the offense, may be seized and held for evidence in the prosecution."

The articles found on defendant and in his possession were competent evidence because they tended to connect the defendant with the commission of the offense.

There being no substantial merit in defendant's contentions and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent and not participating.